

ERIC G. EASTERLY (# 1705)
EASTERLY & KELSON, PLLC
1795 Sidewinder Drive, Suite 201
Park City, Utah 84060
(435) 940-0336
*Attorneys for Defendants*



# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINE BLYTHE,<br>*Plaintiff,*<br>vs.<br>AMERISTAR CASINOS, INC., a Nevada Corporation; AMERISTAR CASINOS, INC., dba CACTUS PETE'S RESORT CASINO; and CACTUS PETE'S INC., a Nevada Corporation,<br>*Defendants.* | **Case No. CV-N-01-0466-ECR-(VPC)**<br><br>**DEFENDANTS' MOTION IN LIMINE** |

Defendants hereby move this Court for an Order excluding the following evidence at the trial of this matter:

1. Any admissions made by Tonya Henderson;

2. Any testimony by Fred Del Marva which reflects a medical opinion by Mr. Del Marva, including particularly his opinion that Plaintiff Christine Blythe contracted pubic lice at Cactus Petes in August 1999;

3. Medical billings, health insurance records or other documents which tend to show medical expenses claimed by Plaintiff Christine Blythe;

4. Any testimony by Jerry D. Doke.

5. The fact that this Motion has been filed and/or granted or denied.

51

In the event that the Court determines to allow Dr. Doke to testify then Defendants request that his testimony be limited to the opinion expressed in Plaintiff's Disclosure of Expert Witnesses, to wit: the psychological effect that the contraction of pubic lice had on the Plaintiff.

Defendants further move this Court for an Order instructing Plaintiff, her counsel, representatives and witnesses to refrain from making any mention directly or indirectly during voir dire, opening statements, interrogation of witnesses, objections, argument or in any manner whatsoever concerning any of the matters set forth above, without first obtaining permission of the Court outside the presence and hearing of the jury.

This Motion is based upon the Memorandum of Points and Authorities subjoined hereto.

Dated this 23rd of May, 2003.

Easterly & Kelson, PLLC

ERIC G. EASTERLY

## POINTS AND AUTHORITIES

1. <u>Admissions of Tonya Henderson.</u>

Thomas Blythe, Plaintiff's husband, has testified to the effect that on October 5, 1999 he telephoned Cactus Petes to complain of his wife's condition. He was connected with a hotel secretary named Tonya Henderson, who, when he made his complaint, allegedly told him that "we have had some problems with our rooms." *Thomas Blythe deposition 19:3-25; 20:1-8.* Tonya Henderson then transferred Mr. Blythe to the Head of Housekeeping. *Thomas Blythe deposition 23:13-15.* Tonya Henderson testified at her deposition that she had no recollection of such a conversation. *Tonya Henderson deposition 11:10-25; 12:1.*

Significantly, at the time that she allegedly made these statements to Mr. Blythe, she was an hourly employee earning $8.60 an hour. She had no authority to make statements or issue statements on behalf of Cactus Petes. *Tonya Henderson deposition 21:7-18.*

Tonya Henderson's statement is admissible only if it does not constitute hearsay. In order for her statement not to constitute hearsay, it must qualify as an admission by a party opponent under Rule 801 of the Federal Rules of Evidence. Under that Rule, there are only two possibilities. Either Tonya Henderson must have been authorized by Cactus Petes to make the statement, or alternatively the statement must have concerned a matter within the scope of Tonya Henderson's employment. Neither situation is applicable here. There is no evidence that Tonya Henderson, a clerical worker earning an hourly wage only slightly exceeding the minimum wage, had any authority to make statements on behalf of Cactus Petes. Indeed by her own testimony she did not have the authority and plaintiff has adduced no other evidence during the

course of discovery which would indicate that any such authority existed on the part of Tonya Henderson.

There is similarly no evidence that as a clerical worker at Cactus Petes that she had anything at all to do with housekeeping or the cleanliness of the rooms. Simply put, her status at Cactus Petes was insufficient as a matter of law to enable her to make admissions on behalf of Cactus Petes.

The alleged statement moreover was not probative of any particular fact. According to Mr. Blythe, all she said was that "We have had some problems with our rooms" but she did explain what those problems were and, significantly, Mr. Blythe did not ask.

The testimony therefore is not an admission of a party opponent because Tonya Henderson's position with Cactus Petes was as a low-level clerical worker. Even if Ms. Henderson was authorized to make a statement of that sort, that statement is prejudicial and not probative of any particular fact in this litigation.

2. Testimony of Fred Del Marva.

In an affidavit filed in August 2002 in opposition to Defendants' Motion for Summary Judgment, Fred Del Marva gave an opinion as to the manner in which Plaintiff contracted pubic lice at Cactus Petes. In his opinion, she contracted pubic lice either because of an unsanitary or dirty commode, bed sheets used by hotel guests who stayed in the room the night before, towels used the hotel guests who had stayed in the room the night before and/or unhygienic bed cover or blanket used by the guest who occupied the room the night before. Mr. Del Marva is therefore purporting to give testimony on what is clearly a medical issue in this case: how an individual can contract pubic lice. These are matters of expert testimony for physicians. Plaintiff has utilized Dr. Randall Burr to provide expert testimony on this issue and Defendants have utilized

Dr. Sid Danesh for that purpose. Mr. Del Marva is not a licensed physician. He indicates in his affidavit that he is a "court-qualified expert specializing in cases of overall industry standards, compliance in the lodging and the food service industries." For him to give opinions as to how Plaintiff may have contracted pubic lice is clearly outside the scope of his expertise and for that reason, the Court should preclude Mr. Del Marva from offering an opinion on that subject.

3. Plaintiff's medical billings.

Plaintiff's failure to provide copies of her medical bills either as a part of her initial disclosures or in response to specific discovery requests from Defendants has been fully briefed in Defendants' opposition to Plaintiff's Motion to Amend the Pretrial Order. Defendants therefore incorporate by reference as though fully set forth herein those relevant portions of their Memorandum in Opposition to the Motion.

4. Testimony of Dr. Jerry Doke.

Plaintiff's failure to provide a report from Dr. Doke as well as the other information required by the Federal Rules of Civil Procedure has been fully briefed in Defendants' opposition to Plaintiff's Motion to Amend the Pretrial Order. Defendants therefore incorporate by references as though fully set forth herein those relevant portions of their Memorandum in Opposition to the Motion.

5. The scope of Dr. Doke's testimony.

In the event that the Court determines to allow Dr. Doke to testify, Defendants respectfully request that his testimony be limited to the subject matter set forth in Plaintiff's expert witness disclosure. In Plaintiff's Disclosure of Experts and Reports, Plaintiff did not produce a copy of any reports or records from Dr. Doke but said merely that "Dr. Doke will testify as to the psychological effect the contraction of pubic lice had on the Plaintiff." Any

testimony beyond the scope of this topic should not be permitted by the Court. This would include testimony as to whether any treatment received by the Plaintiff subsequent to her stay at Cactus Petes in August 1999 was proximately caused by the alleged infestation of pubic lice; whether any of Plaintiff's medical expenses, if any be admitted into evidence, were reasonable, necessary and proximately caused by the alleged infestation of pubic lice; and whether in fact Plaintiff contracted pubic lice and if so, how.

DATED this 23 day of May, 2003.

Easterly & Kelson, PLLC

_____
ERIC G. EASTERLY

-7-

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2003, I caused to be served a true and correct copy of the above and foregoing pleading by the method indicated below and addressed as follows:

Eric S. Rossman  
WHITE PETERSON  
5700 East Franklin Road Ste 200  
Nampa, Idaho 83687-8402  
Facsimile: 208.466.4405

✓ *U.S. Mail*  
___ *Hand Delivered*  
___ *Overnight Mail*  
✓ *Facsimile Transmission*

*Mary Ann Eastman*  
MARY ANN EASTMAN